IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSON V. FRAZIER II,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Defendant. | 8:21CV186<br><br>**MEMORANDUM<br>AND ORDER** |

On May 13, 2021, Plaintiff, Alphonson V. Frazier II, appearing pro se, filed a "Rule 60 Motion for Relief from Judgment" (Filing 1), which the clerk of the court docketed the as a civil complaint brought under 42 U.S.C. § 1983 (*i.e.*, a civil rights action). Frazier has been granted leave to proceed in forma pauperis (Filing 5), and the court now conducts an initial review of Frazier's pleading to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Filing 1 is in all material respects identical to post-judgment motions Frazier repeatedly filed in Case No. 8:20CV384, which was dismissed without prejudice on October 15, 2020. In that case, Frazier sought to remove a state criminal case, *State v. Frazier*, County Court of Douglas County, Nebraska, Case No. CR20-8632, to federal court. Frazier's post-judgment motions were denied because he was seeking relief not from this court's judgment entered on October 15, 2020, but, rather, from a judgment that was entered by the county court on November 2, 2020. (See Filings 14, 15, and 17 in Case No. 8:20CV384.)

In the judgment that was entered by the county court on November 2, 2020, Frazier was found guilty of two counts of disorderly conduct. Prior to sentencing, Frazier filed an appeal to the District Court of Douglas County, Nebraska, Case No.

CR 20-4048. The appeal was dismissed for lack of jurisdiction on March 15, 2021. Plaintiff's sentencing in county court is currently scheduled for August 5, 2021.[1]

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

## III. DISCUSSION

To the extent Frazier's "Rule 60 Motion for Relief From Judgment" may be construed as a civil complaint under 42 U.S.C. § 1983, the court must abstain from exercising jurisdiction over his claims for relief pursuant to the *Younger* abstention

---

[1] The court takes judicial notice of the facts stated in this paragraph, which were gleaned from state court records that are accessible to the public through the JUSTICE website, https://www.nebraska.gov/justice. The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

2

doctrine. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Frazier's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Frazier has alleged no such extraordinary circumstances in his pleading. Thus, the court will not interfere with, or intervene in, Frazier's ongoing criminal proceedings.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 25th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge