IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSON V. FRAZIER II,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Defendant. | 8:21CV186<br><br><br>**MEMORANDUM<br>AND ORDER** |

On June 25, 2021, the court entered a final Judgment dismissing this action without prejudice upon its initial review of Plaintiff's Complaint. Now before the court are two post-judgment filings.

On July 15, 2021, Plaintiff filed a "Complaint for Declaratory Judgment" (Filing 13). This was followed on July 21, 2021, with the filing of a "Motion to Reconsider Complaint for Declaratory Judgment" (Filing 15). These filings are substantially similar, and they also resemble previous requests for post-judgment relief that were filed on July 8, 2021 (Filings 8-11), and denied by the court in a Memorandum and Order entered on July 13, 2021 (Filing 12).

Treating Filing 13 as a motion for leave to amend, it will be denied. "[T]he district court has 'considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored....'" *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (2009)). "[F]utility constitutes a valid reason for denial of a motion to amend." *Id.* (quoting *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012)). As the court has previously explained, absent extraordinary circumstances, it must abstain from exercising jurisdiction over a civil action that challenges ongoing criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011). The

proposed amendment does not allege the existence of extraordinary circumstances that would permit the court to interfere with Plaintiff's state criminal case.

Treating Filing 15 as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment, it, too, will be denied. Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b) provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for declaratory judgment (Filing 13) is denied.

2. Plaintiff's motion to reconsider (Filing 15) is denied.

Dated this 23rd day of July 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge